ROBERT L. BLAND, Judge.
*91 On the evening of September 5, 1941, claimant, L. B. James, a minister of the gospel, was driving his 1937 model Chevrolet automobile on state route No. 15, between Bergoo and Cherry-Falls, in Webster county, West Virginia. He was enroute to Cherry Falls, about one and one-half miles above Webster Springs, where he was engaged in conducting a revival meeting. About five o’clock p. m. of that day, and before his departure from Bergoo, a very heavy and severe rain and wind storm occurred and continued for perhaps an hour. The road traversed a more or less mountainous and wooded section, with fair grade a part of the way and curves at intervals. The day had been warm and after the subsidence of the storm, steam formed from two to three feet in height upon the hard-surfaced highway. This vapor was very heavy close to the road and a traveler thereon could not see more than fifteen feet in front of him, but above the mist visibility extended for quite a distance. This condition of the road was described in the evidence as “fog” and prevailed from the time claimant left Ber-goo. He was accompanied in his car by a companion and was driving at a speed of from twenty-five to thirty miles per hour. When he arrived at a point about three and one-half miles east of Webster Springs he ran his car into a tree which had been blown by the storm into the highway. This tree, having been shorn of its foliage, was around ten or twelve inches in diameter, its length not being shown, and laid partially across the paved portion of the road. It fell from the side of the road on the right as claimant traveled. It would appear from the evidence that it did not occupy the full width of the pavement. When the car hit the tree, its axle, right front wheel, frame and springs were damaged. In order to repair this damage and place the car in proper condition claimant paid $75.42. He seeks an award for the reimbursement of that amount.
Tbp claim is predicated upon the theory that failure to remove the tree from the highway, or to give proper warning of its danger, constituted negligence on the part of the road commission lor which the state is liable.
*92 Where negligence is relied upon it must be fully proven, and the burden rests upon the claimant. When alleged negligence is not proved there cannot be an award made on that ground.
The evidence does not disclose when the tree was blown by the storm upon the highway, how long it had remained there, or that the road commission had received notice that it had fallen on the road, or had a reasonable time to remove it from the highway before the accident occurred. All sections of a state highway cannot be patrolled at the same time and the road commission cannot be held negligent for failing to anticipate just when and where a tree may be blown by storm upon highways under its control. Such responsibility would be unreasonable. Safety in traveling on a public road in time of storm — or at any other time — cannot be guaranteed by the state.
It appears from the testimony of claimant himself that although the highway traveled by him passed through a heavily wooded section on both sides for a part of the way and all the way on one side, and that the steam or “fog” on this road was so heavy that he could not see for a distance of more than fifteen feet ahead, and that the road was “pretty curvy” he? nevertheless, drove his car at a rate of speed of from twenty-five to thirty miles an hour and was driving at that speed when he drove into the tree. In view of the storm, with its attendant dangers, and the obscured vision of the road on account of the steam or fog arising from its surface, was this careful driving? Can it be said that claimant was without contributory negligence on his part? When asked by a member of the court if he did not feel that it was highly dangerous driving under all the circumstances to which he had testified, he answered: “Yes, sir.” Where it appears from the testimony of claimant himself that he is guilty of contributory negligence in driving on the highway in question under circumstances shown by the evidence in the instant case, an award will not be made.
When claimant concluded the offering of evidence in support of his claim, the assistant attorney general moved to dis *93 miss said claim for failure to establish negligence on the part of the road commission.
The evidence offered and relied upon by claimant in support of his claim does not prove negligence on the part of the state road commission. We think claimant was guilty of contributory negligence in the premises. The evidence is insufficient to justify an award upon the facts proved.
The motion of the assistant attorney general is, therefore, sustained, an award denied and the claim dismissed.